**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 8 2024

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**ASHLEY THOMPSON,**

Defendant.

Cr. No. 22-CR-01520 JB

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, by the United States Attorney for the District of New Mexico, and the Defendant, Ashley Thompson, with the advice and counsel of her attorney, Jedidiah Glazener. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

a.      to plead not guilty, or having already so pleaded, to persist in that plea;

b.      to have a trial by jury; and

1

c.    at a trial:

     i.     to confront and cross-examine adverse witnesses,

     ii.    to be protected from compelled self-incrimination,

     iii.   to testify and present evidence on the Defendant's own behalf, and

     iv.    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The Defendant agrees to waive these rights and to plead guilty to Count 9 of the superseding indictment, charging a violation of 18 U.S.C. § 3, that being accessory after the fact.

## SENTENCING

4.     The Defendant understands that the maximum penalty provided by law for this offense is:

a.    imprisonment for a period of not more than 10 years;

b.    a fine not to exceed the greater of $125,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.    a term of supervised release of not more than 5 years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.    a mandatory special penalty assessment of $100.00; and

e.    restitution as may be ordered by the Court.

2

5.     The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. The Defendant further recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

## ELEMENTS OF THE OFFENSE

6.     If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 18 U.S.C. § 3, that being accessory after the fact:

|  |  |
|---|---|
| *First*: | The defendant knew someone else had already committed the crime of interference with commerce by attempted robbery; |
| *Second*: | The defendant helped that person try to avoid being arrested, prosecuted, or punished; and |
| *Third*: | The defendant did so with the intent to help that person avoid being arrested, prosecuted, or punished. |

## DEFENDANT'S ADMISSION OF FACTS

7.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the superseding indictment that increase the statutory minimum or

3

maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **In the early morning hours of August 17, 2022, I coordinated with Adelene Urquijo to pick up Ricky Martinez from Urquijo's trailer in Espanola, NM. I knew that Martinez was wanted by law enforcement for several robberies when I drove to pick him up. Later that morning, I drove Martinez to my apartment while he laid in the trunk of my vehicle. Shortly after we arrived at my apartment, Martinez admitted he was responsible for the attempted robbery referenced in Count 7, but I continued to provide assistance to him. Specifically, I allowed him to stay at my apartment in Santa Fe, a location that provided him distance from the police presence seeking his arrest in Espanola. When I helped Martinez, I did so to hinder or prevent his arrest.**

8.    By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

9.    Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

a.    As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two

levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b). Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

b.   The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

10.   Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing

5

guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

11.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15.     By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, the Defendant understands that if the court rejects the plea agreement, whether or not the Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and the Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16.     The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

17.     The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this paragraph's agreement.

18.     Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

**IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES**

19.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including

the Defendant's attorney or the district court, can predict to a certainty the effect of the

Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless

affirms that the Defendant wants to plead guilty regardless of any immigration consequences that

the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal

from the United States.

## **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

20.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the

right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant

knowingly waives the right to appeal the Defendant's conviction and sentence, as well as any

order of restitution entered by the Court. This waiver extends to any challenge to the manner in

which the sentence was determined or imposed, including the district court's authority to make

findings supporting the sentence.

21.     The Defendant also waives the right to appeal any sentence imposed below or

within the Guideline range upon a revocation of supervised release in this cause number but may

nonetheless appeal the determination of the revocation Guideline range.

22.     The Defendant also waives the right to appeal the denial of any motion filed under

18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence

reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

23.     In addition, the Defendant agrees to waive any collateral attack to the Defendant's

conviction and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary

writ, except on the issue of defense counsel's ineffective assistance.

8

## GOVERNMENT'S ADDITIONAL AGREEMENT

24.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

      a.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present superseding indictment.

## VOLUNTARY PLEA

25.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

26.     The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement.

27.     The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea entered pursuant to this agreement.

28.     Following the Court's finding of a breach of this agreement by the Defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the Defendant waives any defense to that charge or charges based on the

lapse of time between the entry of this agreement and the Court's finding of a breach by the Defendant.

## SPECIAL ASSESSMENT

29.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

30.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 8th day of April, 2024.

ALEXANDER M.M. UBALLEZ
United States Attorney


Timothy Trembley
Assistant United States Attorney
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Jedidiah Glazener
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
Ashley Thompson
Defendant

11