IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR No.  22-CR-01520-002 JB |
| ) | |
| vs. ) | |
| ) | |
| **ADELENE URQUIJO,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Adelene Urquijo pleaded guilty to count 9 of the Superseding Indictment pursuant to an 11(c)1c plea agreement to term of imprisonment of 60 months and an agreement to dismiss count 7 as it pertains to her. [Doc. 90].   Count 9 of the superseding indictment charged her with a violation of 18 U.S.C. § 3 as being an accessory after the fact to an attempted robbery that resulted in a death. [Doc. 34].    Ms. Urquijo, requests that this court accept the agreement of the parties. Further, Ms. Urquijo has reviewed the Presentence Investigation Report (PSR) filed on September 23, 2024 and has no objections the PSR.

## ARGUMENT FOR THE ACCEPTANCE OF THE PLEA AGREMENT

The court should use the factors outlined in 18 U.S.C. § 3553(A) to determine what is reasonable. Ms. Urquijo agrees with the government's sentencing memo, filed on November 4, 2024, that these factors support a sentence of 60 months. [Doc. 105].

The *nature and circumstances* of this case include an attempted robbery which resulted in the death of a young man who was working at the Lotaburger in Espanola. Ms. Urquijo undersands the severity of the circumstances and accepts her responsibility. Ms. Urquijo has suffered from severe drug addiction. The feeding of this addiction resulted in her being in the company of her co-defendant, Mr. Martinez on August 16, 2022. According to the factual basis provided in the Plea Agreement, Ms. Urquijo "knew that Martinez was wanted by law enforcement based on the attempted robbery…" [Doc 90, p.4]. The robbery that was referenced was the robbery of the Blake's Lotaburger which resulted in the shooting death of a young man. Ms. Urquijo with the knowledge that Mr. Martenez was wanted by law enforcement provided refuge and aid to Mr. Martinez to evade capture. The circumstances of the aid and the nature of the plea agreement justify a sentence above the guideless yet not more than necessary to achieve the goals of sentencing set out in 18 U.S.C. § 3553. Ms. Urquijo asks that this court accept that a sentence of 60 months is appropriate.

Ms. Urquijo's is aware she has a significant *history* of drug addiction and related criminal activity. She understands the effect that this negative history could have on a

sentence imposed for the current case and taken this into account in her decision to agree to the accepted plea offer.

A term of imprisonment of 60 months is a sentence that provides *Just punishment*, adequate deterrence and protects the public from future crimes of the of Ms. Urquijo. Ms. Urquijo has plead, pursuant to a 11(C)1C, to a term of imprisonment that she knew would likely be above the guideline and does so voluntarily and asks that this court allow her to do so and find that the punishment of term of imprisonment of 60 months is just and would provide adequate deterrence. Ms. Urquijo wants to get treatment for her drug addiction and intends to use the 60 month sentence to gain tools to help her with her sobriety when she gets out and moves back with her family in Springer, New Mexico. A sentence of 60 months will remove Ms. Urquijo from the public for a significant amount of time while allowing her to develop herself to avoid falling back into addiction, which is sufficient to protect the public from further crimes of Ms. Urquijo while not being excessive.

## CONCLUSION

Ms. Urquijo requests that this Court accept the plea agreement and sentence her accordingly.

Respectfully submitted,

　/s/*Joachim Marjon*
JOACHIM MARJON
Marjon Law LLC 9621 4th St. NW
Albuquerque, New Mexico 87114
Ph: 505.980.2559

Email: joachim@marjonlaw.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of November 2024, I filed this pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filin.

　　　　　　　　　　　　　　　　　　　　　　 /s/Joachim Marjon
　　　　　　　　　　　　　　　　　　　　　　JOACHIM MARJON