FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 08 2025
KHS
MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICKY EDDIE MARTINEZ, JR.,<br><br>Defendant. | Cr. No. 22-CR-01520 JB |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, by the United States Attorney for the District of New Mexico, and the Defendant, Ricky Eddie Martinez Jr., with the advice and counsel of his attorney, Carter B. Harrison IV. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to plead not guilty, or having already so pleaded, to persist in that plea;

   b. to have a trial by jury; and

1

  c. at a trial:

    i. to confront and cross-examine adverse witnesses,

    ii. to be protected from compelled self-incrimination,

    iii. to testify and present evidence on the Defendant's own behalf, and

    iv. to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

 3. The Defendant agrees to waive these rights and to plead guilty to six counts from the superseding indictment:

  a. Count 1 of the superseding indictment, charging a violation of 18 U.S.C. § 1951, that being interference with commerce by robbery;

  b. Count 3 of the superseding indictment, charging a violation of 18 U.S.C. § 1951, that being interference with commerce by robbery;

  c. Count 5 of the superseding indictment, charging a violation of 18 U.S.C. § 1951, that being interference with commerce by robbery;

  d. Count 6 of the superseding indictment, charging a violation of 18 U.S.C. § 924(c)(1)(A)(iii), that being using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime; discharging said firearm;

  e. Count 7 of the superseding indictment, charging a violation of 18 U.S.C. § 1951, that being interference with commerce by attempted robbery; and

  f. Count 8 of the superseding indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924, that being felon in possession of a firearm and ammunition.

## **SENTENCING**

4.  The Defendant understands that the maximum penalty provided by law for each of Counts 1, 3, 5, and 7 of the superseding indictment is:

   a.  imprisonment for a period of not more than 20 years;

   b.  a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

   c.  a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d.  a mandatory special penalty assessment of $100.00; and

   e.  restitution as may be ordered by the Court.

5.  The Defendant understands that the minimum and maximum penalty provided by law for Count 6 of the superseding indictment is:

   a.  imprisonment for a period of not less than 10 years and not more than life, which must run consecutive to any other sentence;

   b.  a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

   c.  a term of supervised release of not more than five years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised

      release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.    a mandatory special penalty assessment of $100.00; and

    e.    restitution as may be ordered by the Court.

6.    The Defendant understands that the maximum penalty provided by law for Count 8 of the superseding indictment is:

    a.    imprisonment for a period of not more than 15 years;

    b.    a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.    a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.    a mandatory special penalty assessment of $100.00; and

    e.    restitution as may be ordered by the Court.

7.    The parties recognize that the federal sentencing guidelines are advisory and that the Court is required to consider them in determining the sentence it imposes. The Defendant further recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

## ELEMENTS OF THE OFFENSE

8. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Counts 1, 3, & 5: 18 U.S.C. § 1951, that being interference with commerce by robbery:

| | |
|---|---|
| *First*: | The defendant obtained property from another, without that person's consent; |
| *Second*: | The defendant did so by wrongful use of actual or threatened force, violence, or fear; and |
| *Third*: | As a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree. |

Count 6: 18 U.S.C. § 924(c)(1)(A)(iii), that being using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime; discharging said firearm:

| | |
|---|---|
| *First*: | The defendant committed the crime of interference with commerce by robbery, as charged in Count 5 of the superseding indictment, which is a crime of violence; |
| *Second*: | the defendant used or carried a firearm and discharged that firearm; |
| *Third*: | during and in relation to interference with commerce by robbery. |

Count 7: 18 U.S.C. § 1951, that being interference with commerce by attempted robbery:

| | |
|---|---|
| *First*: | The defendant attempted to obtain property from another, without that person's consent; |

| | |
|---|---|
| *Second*: | The defendant did so by wrongful use of actual threatened force, violence, or fear; and |
| *Third*: | As a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree. |

Count 8: 18 U.S.C. §§ 922(g)(1) and 924, that being felon in possession of a firearm and ammunition:

| | |
|---|---|
| *First*: | the defendant knowingly possessed a firearm or ammunition; |
| *Second*: | the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition; |
| *Third*: | the defendant knew that he had previously been convicted of a felony; and |
| *Fourth*: | before the defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another. |

## **DEFENDANT'S ADMISSION OF FACTS**

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the superseding indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the

charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> On August 9, 2022, in Rio Arriba County and in the District of New Mexico, I committed a robbery at the Dandy Burger restaurant. I approached the counter, brandished a silver revolver, pointed it at the cashier—Jane Doe 1—and demanded money. I took over $100 in US currency from the register drawer and fled the business.

> On August 10, 2022, in Rio Arriba County and in the District of New Mexico, I committed a robbery at a Shell gas station. I approached the counter, brandished a silver revolver, pointed it at the cashier—John Doe 1—and demanded money. John Doe 1 gave me $352 in US currency from the register drawer and I fled the business.

> On August 11, 2022, in Rio Arriba County and in the District of New Mexico, I committed a robbery at a Walgreens. I approached the counter near the liquor section, brandished a silver revolver, pointed it at the cashier—Jane Doe 2—and demanded money. Jane Doe 2 was unable to or did not open the first register, so I discharged the revolver toward the cabinet of liquor behind Jane Doe 2. I then went behind the counter, forcibly took the register, including an unknown amount of U.S. currency contained within, and left the business.

> On August 16, 2022, in Rio Arriba County and in the District of New Mexico, I attempted to commit a robbery at a Blake's Lotaburger. I approached the cashier,

John Doe 2, and began ordering food. While placing the order, I brandished a silver revolver and said "give me the fucking money". When John Doe 2 did not give me the money, I jumped over the counter and struggled with John Doe 2. During the struggle, I shot and killed John Doe 2. John Doe 3 approached the register area and also engaged with me. I struck him with the firearm I was holding and shot at him, but missed. I fled the Lotaburger the same way I entered, but did not get any money. I dropped the firearm at the Lotaburger, near where I shot John Doe 2.

I now know and do not contest that the locations I robbed and attempted to rob were businesses regularly engaged in interstate commerce. Each robbery and attempted robbery affected interstate commerce because they were forced to close to investigate each incident. I also affected interstate commerce when I took US currency, which regularly travels in and affects interstate commerce.

The firearm was located and seized by law enforcement. It was a Rossi, Model 88, .38 caliber revolver, bearing serial number W359107, loaded with approximately seven rounds of .38 caliber ammunition. That firearm was the same firearm I possessed and used during each of the three completed robberies and the attempted robbery. It is the same firearm I used to shoot and kill John Doe 2. The firearm was test-fired and met the federal definition of a firearm. I knowingly possessed the firearm and ammunition. I also knowingly possessed two associated "speed loaders", which were seized from my co-defendant's apartment. I knew that I was previously convicted of two felony offenses, as detailed in paragraph 23. I now know

**that the firearm and ammunition were not manufactured in New Mexico, therefore they must have travelled in interstate commerce before I possessed them.**

10.  By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

    a.  As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to U.S.S.G. § 3E1.1(b). Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

      b.      The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

12.    Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

13.    Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

14. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

15. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

16. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

17. By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, the Defendant understands that if the court rejects the plea agreement, whether or not the Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and the Defendant shall be subject to

prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

19. The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

19. The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

20. Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

21. The Defendant further agrees that this plea agreement has been reached after negotiations with the State of New Mexico First Judicial District Attorney's Office, pursuant to which the Defendant must plead guilty in state court related to the murder of John Doe 2 and other crimes against John Doe 3, as detailed in emails with counsel. If Defendant fails to plead guilty, or attempts to move to set aside or withdraw from any such guilty plea, the Defendant understands that the United States shall have the right to withdraw from this plea agreement, even after it has been accepted by this Court, and take any action described under the heading Violation of Plea Agreement below.

22. The Defendant agrees that he will admit each violation in his pending amended petition for revocation of supervised release, Doc. 58 in 19-CR-00089-JB.

23. The Defendant agrees that the Defendant is the same person who was previously convicted of the following offenses, each of which was at the time of conviction punishable by imprisonment for a term exceeding one year:

    a.    *State of New Mexico v. Ricky E. Martinez*, D-0117-CR-2011-00256, First Judicial District Court, County of Rio Arriba, shooting at or from a motor vehicle (three counts), convicted on September 7, 2012; and

    b.    *United States v. Ricky Martinez*, 19-CR-00089 JB, United States District Court for the District of New Mexico, assault resulting in serious bodily injury, convicted on October 16, 2019.

    c.    The Defendant further agrees that the convictions listed above are valid and free from fundamental error, and that the Defendant's constitutional rights, including the right to counsel, were not violated when the convictions were obtained.

## RESTITUTION

24.    The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A, if applicable; if § 3663A is not applicable, the Court will enter an order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664.

25.    The Defendant agrees and acknowledges that, as part of the Defendant's sentence, the Court is not limited to ordering restitution only for the amount involved in the particular offense or offenses to which the Defendant is entering a plea of guilty, but may and should order restitution resulting from all of the Defendant's criminal conduct related to this case. Criminal conduct related to this case includes conduct detailed in discovery provided to Defendant for this case, whether charged or uncharged.

26.    No later than July 1 of each year after sentencing, until restitution is paid in full, the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, P.O. Box

607, Albuquerque, New Mexico 87103, (1) a completed and signed financial statement provided to the Defendant by the United States Attorney's Office and/or the United States Probation Office and (2) a copy of the Defendant's most recent tax returns.

### **FORFEITURE**

27. The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case.

28. The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

    a.     a Rossi, Model 88, .38 caliber revolver, bearing serial number W359107;

    b.     approximately seven rounds of .38 caliber ammunition; and

    c.     any associated firearm parts seized during the investigation.

29. The Defendant consents to the prompt entry of a preliminary order of forfeiture and entry of a final order of forfeiture, pursuant to Fed. R. Crim. P. 32.2, without further notice to the Defendant. The Defendant also agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United.

30. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

31. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding.

The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

32.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

33.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's convictions and sentence, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

34. The Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

35. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

36. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

37. The Defendant waives any challenge related to the initiation or conduct of his case by the United States Attorney's Office or Assistant United States Attorneys in the absence of a United States Attorney appointed by the President and confirmed by the Senate.

## GOVERNMENT'S ADDITIONAL AGREEMENT

38. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. Following sentencing, the United States will move to dismiss counts 2 & 4 of the superseding indictment.

   b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present superseding indictment or arising out of the facts disclosed to Defendant via discovery in this case.

   c. Finally, the United States agrees to recommend, except for the sentence imposed for Count 6 of the superseding indictment, that the sentence imposed

in this case be run concurrently with both the pending supervised release violation, 19-CR-00089 JB, and the agreed upon, but yet to be imposed, state sentence related to the murder of John Doe 2 and other crimes against John Doe 3.

## VOLUNTARY PLEA

39. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

40. The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement.

41. The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty pleas entered pursuant to this agreement.

42. Following the Court's finding of a breach of this agreement by the Defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the Defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and the Court's finding of a breach by the Defendant.

## SPECIAL ASSESSMENT

43.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $600 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

44.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 8th day of October, 2025.

RYAN ELLSON
Acting United States Attorney

Timothy Trembley
Assistant United States Attorney
Albuquerque, New Mexico   87102
(505) 346-7274


I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Carter B. Harrison IV
Attorney for the Defendant

      I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

 

_____
Ricky Eddie Martinez, Jr.
Defendant