**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                         Cr. No.: 1:22-cr-01520 JB

RICKY EDDIE MARTINEZ, JR.,

    Defendant.

**UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE**

The United States, pursuant to Fed. R. Crim. P. 32.2(b), respectfully submits its Motion for a Preliminary Order of Forfeiture regarding the following property:

    a.   a Rossi, Model 88, .38 caliber revolver, bearing serial number W359107;

    b.   approximately seven rounds of .38 caliber ammunition; and

    c.   any associated firearm parts seized during the investigation.

(hereafter referred to as "Subject Property").

The grounds for this motion are as follows:

1.      The United States and Defendant Ricky Eddie Martinez, Jr. entered into a plea agreement (Doc. 147), in which Defendant pleaded guilty to Counts 1, 3, 5, 6, 7, and 8 of the Superseding Indictment. Counts 1,3, and 5 charged Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951. Count 6 charged Using and Carrying a Firearm During and in Relation to a Crime of Violence and Possessing a Firearm in Furtherance of such a Crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Count 7 charged Interference with Commerce by Attempted Robbery in violation of 18 U.S.C. § 1951. Count 8 charged Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924.

2.      In the Defendant's plea agreement, Defendant Ricky Eddie Martinez, Jr. agreed to the immediate administrative, civil, or criminal forfeiture to the United States of all of the Defendant's right, title, and interest in the Subject Property and consented to the prompt entry of a preliminary order of forfeiture and entry of a final order of forfeiture, pursuant to Fed. R. Crim. P. 32.2, without further notice to the Defendant. (Doc. 147, ¶¶ 27-31).

3.      Rule 32.2(b)(1) and (2) requires that the Court determine whether the United States has established the relevant nexus between the property and offense as soon as practicable after a finding of guilt or acceptance of a guilty plea and, if so, enter a preliminary order of forfeiture promptly.  If the United States seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

Based upon the plea agreement in Defendant's case, the United States has established the requisite nexus between the Subject Property and the offenses to which the Defendant has pleaded guilty. Accordingly, the Subject Property is subject to forfeiture to the United States pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2).

4.      Rule 32.2 further requires the prompt entry of a preliminary order to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant. Prompt entry of a preliminary order also allows the government to fulfill its obligations under 21 U.S.C. § 853(n) to publish the preliminary order and serve it on third parties known to have an interest in the property.

5.     Pursuant to Rule 32.2(b)(3), the entry of a preliminary order of forfeiture authorizes the United States (or a designee) to seize the specific property subject to forfeiture and to commence proceedings that comply with any statutes governing third-party rights. Accordingly, upon the entry of the Preliminary Order of Forfeiture, the United States will proceed to give notice to any third parties who may have an interest in the property.

WHEREFORE, the United States respectfully requests this Court to enter a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), as to the Subject Property. The United States further requests that the order authorize the United States (or a designee) to seize and maintain custody of the Subject Property, authorize the United States to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of third parties, and to dispose of it in accordance with law.

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
RYAN ELLISON
First Assistant United States Attorney

*Electronically filed*
STEPHEN R. KOTZ
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that I filed the foregoing electronically through the CM/ECF system, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Stephen R. Kotz*
STEPHEN R. KOTZ
Assistant U.S. Attorney

3